**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID CALHOUN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYA MANN, JOEL | : | NO.  08-4707 |
| GOLDSTEIN, UNITED STATES | : | |
| MARSHALS, and LAWRENCE | : | |
| MURRAY | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S. J.                                                    March 25, 2009

       Presently before this Court is Plaintiff's Motion for Sanctions under Federal Rule

of Civil Procedure 11 (Docket No. 26).  This Motion seeks the imposition of sanctions, not

limited to "the costs of the Court to analyze the details of the claims made within this [Motion],"

against Assistant United States Attorney Charlene Fullmer.  (Pl.'s Mot. For Sanctions, p. 1.)  For

the reasons discussed below, this Motion is denied.

**I.  LEGAL STANDARD**

       Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable

inquiry into the factual and legal bases of all claims before filing any document with the court.

<u>Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.</u>, 498 U.S. 533, 551 (1991); <u>Bensalem</u>

<u>Twp. v. Int'l Surplus Lines Ins. Co.</u>, 38 F.3d 1303, 1314 (3d Cir. 1994).  Rule 11 provides:

> (b) Representations to the Court. By presenting to
> the court a pleading, written motion, or other

paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...

(c) Sanctions.

(1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(b)(1)-(3), (c)(1,2).

Courts applying Rule 11 must utilize an objective standard of reasonableness under the circumstances.  Mary Ann Pensiero, Inc. v.. Lingle, 847 F.2d 90, 92 (3d Cir. 1988); see also Brubaker Kitchens, Inc. v. Brown, 280 F. Appx. 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.").  The Third Circuit has held that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Bensalem Twp., 38 F.3d at 1314.

Further, the 1993 Amendments to Rule 11 provide that "a party seeking sanctions must comply with a 'safe harbor' provision by serving the motion for sanctions upon the opposing party at least twenty-one days before filing the motion with the district court."  Wright and Miller, 5A FEDERAL PRACTICE AND PROCEDURE § 1337 (3d. ed. 2008.)  Then, "[t]he party against whom sanctions will be sought may escape them by withdrawing or otherwise correcting the offending paper within the twenty-one day safe harbor period."  Id.

## II.  BACKGROUND

Mr. Calhoun's Motion for Sanctions arises from on-going litigation regarding his detention in the Federal Detention Center (FDC) Philadelphia.  The basis for this Motion centers around Ms. Fullmer's alleged wrong-doing in her opposition to Plaintiff's filings.  This alleged wrong-doing includes: (1) Ms. Fullmer's *ex parte* communications with both the Commonwealth Court and this Court; and (2) Ms. Fullmer's misrepresentation of the controlling law in a Motion for Leave to File that was submitted to this Court.

A.     **Plaintiff has Failed to Show Evidence of Any *Ex Parte* Communications**

1.     <u>**Plaintiff has Provided No Evidence that Ms. Fullmer Communicated Improperly with the Commonwealth Court**</u>

Mr. Calhoun, in his various motions, spends considerable time addressing concerns about whether Defendants were properly served.  While valid, this concern is tangential to the underlying matter as Federal Defendants' claims are not based upon ineffective service.  Rather, Federal Defendants sought removal from the Commonwealth Court because Mr. Calhoun asserted claims against the Federal Defendants based on their acts as officers of the United States or as an agency of the United States.  (Fed. Def.'s Mot. for Removal 3.)

It is in this context that Ms. Fullmer's May 16, 2008 letter to Michael Krimmel, Chief Clerk of the Commonwealth Court of Pennsylvania, must be read.  The letter states:

> Pursuant to our conversation of yesterday, I am forwarding to you a letter I received from Mr. Calhoun, the plaintiff in the above-reference matter, to Prothonotary Brown in your office regarding a Complaint that appears to have been filed in Commonwealth Court, Case No. 255 MD 2008. Mr. Calhoun's letter indicated that "he is unsure why this matter has been filed in Commonwealth Court," and requests an explanation from the Prothonotary.  It appears, therefore, that the complaint was filed in error.
>
> Currently, there is a matter pending in the Eastern District of Pennsylvania, Civil Action No. 08-0458, in which the same facts are alleged as in the Commonwealth complaint.  I have attached a copy of the federal docket for your information.

(Pl.'s Mot. for Sanctions, Ex. 2.)  Mr. Calhoun suggests that Ms. Fullmer improperly advised the Commonwealth Court; submitted to the Commonwealth Court's jurisdiction, by attaching the

4

federal docket in Plaintiff's prior federal suit; and improperly communicated *ex parte* with the Commonwealth court.  (Id. at ¶ 7.)  Mr. Calhoun further asserts that this letter enabled Ms. Fullmer to succeed "in defeating Plaintiff's efforts to remand the matter back to Pennsylvania Courts due to her misrepresentations before this Court."  (Id. at ¶ 8.)

There is no evidence that this letter is anything other than an administrative letter to court personnel.  Accordingly, Plaintiff fails to provide any evidence of any improper *ex parte* communication with the Commonwealth Court.

> 2.     **Plaintiff has not Established any Evidence that Ms. Fullmer Improperly Communicated with this Court**

Plaintiff also claims that Ms. Fullmer had improper *ex parte* communications with this Court, providing as evidence a letter that "could have anticipated that the decision of the court and an estimate of the day for which the decision was written" in the Federal Action.  (Id. at ¶¶ 12-16.)  In other words, Plaintiff argues that a May 1, 2008, letter written by Ms. Fullmer to the undersigned's chambers: (a) constituted improper *ex parte* communication with this Court; and (2) may have tipped Ms. Fullmer off as to when this Court would rule on a Motion to Dismiss filed by Defendants' Mann and Goldstein.  Plaintiff's argument is without merit.

With regard to the letter, it in no way indicates that Ms. Fullmer communicated with the undersigned.  Rather, Ms. Fullmer spoke with "Your Honor's Chambers this morning," and learned that a response was not needed as "the Clerk shall not issue summons unless so ordered by the Court."  (Id. at Ex. 4.)  From the face of the letter, it is clear that: (1) Ms. Fullmer spoke with Court staff and not with the Judge; and (2) rather than being improper this letter

memorializes a routine conversation with court staff explaining that the commencement of the "time period for defendants to respond to the Amended Complaint" had not started.  (Id.)

Mr. Calhoun fears that this letter "tipped off" the Defendants about this Court's decision to grant their Motion to Dismiss.  Such fears are unfounded.  This letter to court staff was written on May 1, 2008.  At that time, Mr. Calhoun's Amended Complaint was not filed.  It would be another six weeks before the Amended Complaint would be filed, five months before a Motion to Dismiss would be submitted, and seven-and-a-half months before this Court would rule on the Motion to Dismiss Mr. Calhoun's Amended Complaint.  How Ms. Fullmer's May 1, 2008 letter provided Federal Defendants with insights about this Court's ruling on Motions not yet filed is unclear.

### B.     Misrepresentation of the Controlling Law

Mr. Calhoun notes that Federal Defendants, when arguing for a Motion to Leave to File, cited to five factors from the Supreme Court's decision in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 308 (1993):

> (1) whether granting the delay would prejudice the opposing party; (2) the length of the delay and its impact on efficient courtroom administration; (3) the source or cause of counsel's delay; (4) whether counsel was acting in good faith despite the delay; and (5) whether clients should be penalized for their counsel's mistake or neglect.

(Fed. Def.'s Mot. for Leave 4-5.)  Mr. Calhoun argues that the Supreme Court in Pioneer "only addressed four factors; yet the FED. DEF. COUNSELS represented that the Supreme Court offered a fifth factor which it actually explicitly rejected," and asserts that raising this fifth factor

constitutes a "deliberate misrepresentation of law."   (Pl.'s Mot. for Sanctions 6, ¶¶ 18, 20, & 22.)

Mr. Calhoun is partially correct.  The Supreme Court's analysis listed four factors for use when determining if a delay was "excusable."  Id. at 395.  Those factors mirror the first four factors provided by Federal Defendants.  Id.  Plaintiff is also correct that Federal Defendants' fifth factor—whether a client should be punished for the mistake of their counsel—was not within that grouping.  But the Pioneer opinion's next section directly addressed the fifth factor noting that "[i]n other contexts, we have held that clients must be held accountable for the actions and omissions of their attorneys."  Id. at 396.  After analyzing the equitable factors, the Supreme Court noted the absence of harm, concluding that counsel's neglect "was, under all the circumstances, excusable."  Id. at 399 (internal quotations omitted).  Contrary to Plaintiff's assertions, counsel for the Federal Defendants did not misrepresent the applicable law.  Her analysis was directly on point, and noted each court's discretion in determining whether the delays were excusable.

## III.  CONCLUSION

Plaintiff has failed to show that any of Ms. Fullmer's actions warrant the extraordinary measure of sanctions.  Her communications with the various courts were proper, and her analysis of the applicable law was correct.  Moreover, even if her actions were improper, sanctions would not be appropriate as Mr. Calhoun did not provide Ms. Fullmer with an opportunity to withdraw her erroneous filings before his filing of this Motion with this Court.  Accordingly, Mr. Calhoun's Motion for Sanctions is denied.

An order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID CALHOUN           :
                                :      CIVIL ACTION
            Plaintiff,    :
                                :
       v.                :
                                :
KENYA MANN, JOEL      :      NO.  08-4707
GOLDSTEIN, UNITED STATES   :
MARSHALS, and LAWRENCE   :
MURRAY                 :
                                :
           Defendants.   :

**ORDER**

     **AND NOW**, this 25th day of March, 2009, upon consideration of Plaintiff's Motion to for Sanctions (Doc. No. 26), and the response in opposition filed thereto (Docket No. 33), it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_s/ Ronald L. Buckwalter_
RONALD L. BUCKWALTER, S.J.