IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CALHOUN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYA MANN, JOEL | : | NO.  08-4707 |
| GOLDSTEIN, UNITED STATES | : | |
| MARSHALS, and LAWRENCE | : | |
| MURRAY | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                 March 25, 2009

      Presently before this Court is Plaintiff David Calhoun's Motion to Reinstate his Motions that were dismissed without prejudice by this Court on January 5, 2009.  Also before this Court is a Motion for Leave to file a Motion to Dismiss *Nunc Pro Tunc* filed by Defendants Kenya Mann, Joel Goldstein, and the United States Marshals Service (Federal Defendants).  For the reasons discussed below, Plaintiff's Motion to Reinstate is granted, but the reinstated Motions are dismissed.  Also for the reasons discussed below, both Defendants' Motions for Leave and to Dismiss are granted.

**I.  PROCEDURAL BACKGROUND**

      Procedurally, this suit has followed a convoluted path.  Further complicating matters is the fact that Mr. Calhoun filed a virtually identical suit in federal court (Federal

Action) on January 30, 2008, which this Court dismissed, in part, in December 2008.[1] Plaintiff filed the present suit in Commonwealth Court in February 2008 (Commonwealth Action). Federal Defendants sought removal of the Commonwealth Action to federal court under 28 U.S.C. § 1442. (Doc. No. 1.) This Court granted Federal Defendants' Motion despite Mr. Calhoun's objections.[2] On October 6, 2008, Federal Defendants filed a Motion for Time Extension, and this Court provided until December 6, 2008, to reply to Mr. Calhoun's Praecipe. Federal Defendants submitted no filings until December 24, 2008.

Mr. Calhoun filed a Notice of Appeal. (Doc. No. 9.) The same day, Federal Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 9.) Plaintiff then filed four motions: (1) Motion of Default; (2) Motion for Certificate of Appeal; (3) Motion for Default under Federal Rule of Civil Procedure 55; and (4) a Motion to Strike or in the Alternative Extend Time to Respond to Federal Defendants' Motion to Dismiss. (Doc. Nos.

---

1.  Calhoun v. Mann, Civ. A. No. 08-458, 2008 WL 5273613 (E.D. Pa. Dec. 18, 2008) (dismissing Plaintiff's claims against Defendants Mann and Goldstein).

2.  Plaintiff alleges that the removed Commonwealth Action "was NOT randomly assigned to a judge in the District Court of the Eastern District of Pennsylvania." (Pl.'s Resp. to Mot. for Leave 3.) He is correct. Local Court Rules for the Eastern District of Pennsylvania provide that:

> (3) Related Cases. At the time of filing any civil action or proceeding, counsel shall indicate on the appropriate form whether the case is related to any other pending or within one (1) year previously terminated action of this court.
> ***
> B. *All* habeas corpus petitions, *pro se civil rights actions* and social security appeals filed by the same individual shall be deemed related to a prior case filed in the same category of federal question cases.

E.D. PA. CIV. R. 40.1(3)B. Thus, under local rules, Mr. Calhoun's suit was not assigned randomly but rather, as required by the local rules, it was given to the District Judge already handling the matter that Mr. Calhoun had already filed in this Court (Civ. A. No. 2:08-cv-458). Plaintiff's allegation that there was a conspiracy regarding the assignment of his case is baseless.

10-13.) Given Mr. Calhoun's Notice of Appeal, this Court dismissed, without prejudice, docket entries 9 through 13.

Mr. Calhoun subsequently filed a Motion to Withdraw his Notice of Appeal, and the next day, Federal Defendants filed their Motion for Leave to File their Motion to Dismiss *Nunc Pro Tunc*. (Doc. Nos. 15, 16.) Mr. Calhoun filed a Motion to Reinstate Motions dismissed due to his Notice of Appeal. (Doc. No. 19.)

## II. FACTUAL BACKGROUND

This Court covered the relevant factual background previously.[3] In brief, Plaintiff was convicted by a jury, and sentenced to twenty years in prison and ten years of supervised release. U.S. v. Calhoun, 276 Fed. Appx. 114, 115 (3d Cir. 2008). Neither the Federal or Commonwealth Action challenges Plaintiff's conviction; rather they seek punitive and compensatory damages in excess of $75,000 due to his allegedly illegal detention at the Federal Detention Center (FDC), Philadelphia.[4] (Doc. No. 2:08-cv-458, Am. Compl. 4, and Praecipe ¶ 8.) Plaintiff claims that he should have been released on February 23, 2006, as his state sentence expired at that time, and because he had posted bail. (Am. Compl. 3-4, and Praecipe ¶¶ 4, 6.) Instead, he remained at the FDC Philadelphia without hearing or explanation.

## III. DISCUSSION AND ANALYSIS

### A. Mr. Calhoun's Motion to Reinstate Four Dismissed Motions

---

3. Calhoun v. Mann, Civ. A. No. 08-458, 2008 WL 5273613 (E.D. Pa. Dec. 18, 2008.)

4. The chief differences between the Federal and Commonwealth Actions are that: (1) the Commonwealth Action did not allege conspiracy (Fed. Def.'s Mot. Removal, Ex. A, Praecipe ¶ 5), and (2) the Federal Action detailed the legal basis for its claims. (Am. Compl. 4). The Commonwealth Action does not.

3

After Mr. Calhoun filed his Notice of Appeal to the Third Circuit, this Court dismissed, without prejudice, four of his Motions (Doc. No. 10-13), noting that he may "refile if necessary." (Calhoun v. Murray, Civ. A. No. 08-4707, Order, Jan. 6, 2006, Doc. No. 14.) Mr. Calhoun filed a Motion to Reinstate. This Court grants his Motion, and reinstates the following: (1) Notice of Default (Doc. No. 10); (2) Motion for Certificate of Appealability (Doc. No. 11); (3) Motion for Default Pursuant to FRCP 55 (Doc. No. 12); and (4) Motion to Strike or in the Alternative Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss (Doc. No. 13). This Court now examines the merits of each of these reinstated motions.

### 1. Mr. Calhoun's Two Motions for Default

Mr. Calhoun's two Motions for Default (Doc. Nos. 10, 12) claim that the Federal Defendants failed to timely file their response within the period provided by this Court. In his Motion for Default Judgment under Federal Rule of Civil Procedure 55, Mr. Calhoun further alleges that he "has been prejudiced by the non-response" of Federal Defendants. (Doc. No. 12 p. 1.) For reasons discussed below, this Court finds that neither Mr. Calhoun nor this Court have been prejudiced by Federal Defendants' late filing. Accordingly, his two reinstated motions seeking default judgment are denied.

### 2. Mr. Calhoun's Motion for Certificate of Appealability

Mr. Calhoun filed a Motion for Certificate of Appealability "on the issue of remand back to the state court with equitable tolling to apply." (Doc. No. 11.) This Motion is denied.

Section 102 of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253 (as amended), codified standards governing the issuance of a certificate of appealability for

4

appellate review of a district court's disposition of a *habeas* petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Calhoun did not assert a *habeas* claim in either his Commonwealth or Federal Action. As a result, there is no basis for a certificate of appealability. Further, reasonable jurists could not disagree as to whether or not this Court's refusal to remand his Commonwealth Action constituted a constitutional violation. As a result, a certificate of appealability would not issue even if he had filed a *habeas* claim.

### 3. Mr. Calhoun's Motion to Strike or for Extension

This Motion seeks to either: (1) strike Federal Defendants' initial Motion to Dismiss; or (2) provide Plaintiff forty-five days to file a response. (Doc. No. 13.) This Motion is dismissed as moot. After Mr. Calhoun sought to withdraw his Notice of Appeal, Federal Defendants filed their Motion for Leave to File, and attached their revised Motion to Dismiss. (Doc. No. 16.) Mr. Calhoun sought and received an expansion of time to respond, and he filed a Response. For the reasons discussed in the next section, this Court rejected Mr. Calhoun's arguments, and granted Federal Defendants' Motion for Leave to File.

Mr. Calhoun, in his Response, also seeks additional time to file a response to Federal Defendants' Motion to Dismiss. This Court would normally grant Plaintiff additional time to respond to a Motion to Dismiss, but in this instance any response would be futile. Accordingly, his Motion to Strike or for an Extension of Time is denied.

### B. Federal Defendants' Motion for Leave to File

Before examining the Federal Defendants' Motion to Dismiss, this Court must rule on their Motion for Leave to File. On October 6, 2008, this Court granted Federal Defendants' Motion for Extension of time providing until December 6, 2008, to respond to Mr. Calhoun's Praecipe. (Doc. No. 3.) Federal Defendants did not respond until December 24, 2008.

Under Federal Rule of Civil Procedure 6(b)(1)(B) a court "may, for good cause, extend time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Both parties correctly cite to Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, a bankruptcy suit where an attorney's late filing resulted in his client's claim being rejected. 507 US. 380, 389 (1993). The clients appealed asserting that their attorney's error should not bar their claim, as this mistake was "excusable." Pioneer, 507 U.S. at 398. Ultimately, the Supreme Court heard the case holding that courts are permitted, where appropriate, "to accept late filings caused by inadvertence, mistake, or carelessness." Id. at 388. The Supreme Court then examined what constituted "excusable neglect," and provided factors to be used in making such determinations. Id. at 391. Federal Defendants cited to five Pioneer factors:

> (1) whether granting the delay would prejudice the opposing party; (2) the length of the delay and its impact on efficient courtroom administration; (3) the source or cause of counsel's delay; (4) whether counsel was acting in good faith despite the delay; and (5) whether clients should be penalized for their counsel's mistake or neglect.

(Fed. Def.'s Mot. Leave 4-5.) Mr. Calhoun, in a related Motion for Sanctions, argues that the Supreme Court in Pioneer "only addressed four factors; yet the FED. DEF. COUNSELS

6

represented that the Supreme Court offered a fifth factor which it actually explicitly rejected." (Pl.'s Mot. for Sanctions 6.)

Mr. Calhoun is partially correct. The Supreme Court's analysis explicitly listed four factors which mirror the first four provided by Federal Defendants. Id. at 395. Federal Defendants' fifth factor—whether a client should be punished for the mistake of their counsel—was not within that grouping. But the opinion's next section directly addressed the fifth factor. The Court noted that "[i]n other contexts, we have held that clients must be held accountable for the actions and omissions of their attorneys," but after analyzing the equitable factors, the Supreme Court noted the absence of harm to the opposing party and concluded that counsel's neglect "was, under all the circumstances, excusable." Id. at 396, 399 (internal quotations omitted).

Courts applying the Pioneer excusable neglect factors examine the "totality of the circumstances." In re Cendant, 235 F.3d 176, 182 (3d Cir. 2000) (citing Chemertron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995)). Whether a client should be punished for their lawyer's mistake is fact specific and requires an equitable balancing of the Pioneer factors. Applying these factors to the present matter, it is clear that neither Mr. Calhoun nor this Court were harmed, and that Federal Defendants' late filing was excusable.

Under the first factor, Mr. Calhoun claims that the delay of his suit has prevented him from utilizing discovery to reveal opposing counsel's "secret arrangement *ex parte* with the clerk of the Commonwealth Court of Pennsylvania." (Praecipe 5.) He argues that discovery will be further undermined due to the fading memories of potential witnesses as "this matter addresses acts that occurred three years ago." (Id.) This Court disagrees with Plaintiff's claim.

First, Plaintiff has provided no evidence of any secret agreement between Mr. Fullmer and the Commonwealth Court. In an effort to make sense of Mr. Calhoun's federal and Commonwealth court filings, Ms. Fullmer communicated with the Commonwealth Court's administrative personnel.[5] Plaintiff has provided no factual basis to support any claim of secret agreements.

Second, Mr. Calhoun fears that as time passes memories will fade and discovery hindered. While this is a valid concern, the Federal Defendants were two-and-a-half weeks late in filing their responsive motion. Moreover, two-and-a-half weeks is far longer than the actual delay. By withdrawing his appeal, and again seeking to litigate his claim in this Court, there is effectively no delay. Plaintiff could not resume the discovery process until he withdrew his appeal. Federal Defendants's Motion for Leave was filed one day after he sought to return to this Court. Given this, there is no delay that would harm Mr. Calhoun.

---

5. Ms. Fullmer's May 16, 2008 letter to Michael Krimmel, Chief Clerk of the Commonwealth Court of Pennsylvania states:

> Pursuant to our conversation of yesterday, I am forwarding to you a letter I received from Mr. Calhoun, the plaintiff in the above-reference matter, to Prothonotary Brown in your office regarding a Complaint that appears to have been filed in Commonwealth Court, Case No. 255 MD 2008. Mr. Calhoun's letter indicated that "he is unsure why this matter has been filed in Commonwealth Court," and requests an explanation from the Prothonotary. It appears, therefore, that the complaint was filed in error.
>
> Currently, there is a matter pending in the Eastern District of Pennsylvania, Civil Action No. 08-0458, in which the same facts are alleged as in the Commonwealth complaint. I have attached a copy of the federal docket for your information.

(Pl.'s Mot. for Sanctions, Ex. 2.)

As to the second factor, for the reasons provided in the prior section, Federal Defendants' late filing did not harm this Court.[6]

Finally, the third and fourth factors consider the source of counsel's delay and whether counsel otherwise acted in good faith.  Counsel must timely file responses, but the United States Supreme Court has determined that Congress intended to permit late filings "where appropriate," when the delay is due to "inadvertence, mistake, or carelessness."  Pioneer, 507 U.S. at 388.  Despite counsel's late filing there has been no evidence of prejudice to either Mr. Calhoun or this Court.

Mr. Calhoun claims that Federal Defendants' late filing was in bad faith because it enabled them to "create a res judicata argument" that would not have been available had they timely filed their response motion.  (Praecipe ¶ 10.)  Had Federal Defendants timely filed their Response, they would not have been able to assert their res judicata claim.  Nonetheless, Federal Defendants' delay did not provide any tactical advantage.  Had Federal Defendants filed their

---

6.  While not on point with the second factor—the effect of delay on this Court—this Court believes it important to address two matters raised by Mr. Calhoun: his apparent misunderstanding of what is meant by "effect of delays on this Court's proceedings;" and (2) his claim that this Court improperly denied his Motion for Reconsideration as the "[t]he standard for granting Plaintiff a second chance was much lower than the standard for granting Defendant a second chance in this scenario."  (Praecipe 6.)  Regarding the first matter, it appears that Mr. Calhoun is mistaken about what is meant by "negative impact on the judicial proceeding."  (Id.)  "Negative impact" refers to undue delays that hinder this Court's operation.  But Plaintiff interprets "negative impact" to mean bias by this Court against himself.  Such an interpretation is incorrect.

Regarding the second matter, Mr. Calhoun errs regarding the applicable standards for Motions for Reconsideration and for excusable neglect cases.  Plaintiff asserts that he "was entitled to Amend his Complaint by right or at least the Court, pursuant to Fed. R. Civ. Proc. 15(a), should have granted leave to freely amend."  (Id.)  Before trial, leave to amend may be freely given, but Plaintiff asserts that Leave to Amend should be given even though Court has made a ruling on the Motion in question.  To address matters after a ruling is the purpose of a Motion for Reconsideration.

This Court's denial of Plaintiff's Motion for Reconsideration was appropriate as Plaintiff failed to meet the Third Circuit's threshold standard for such motions.  This standard is intensely fact specific and quite clear: either the law changes, new evidence emerges, or there exists an error requiring correction.  See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  None of these criteria were met.  By way of comparison, the equitable "excusable neglect" standard involves a balancing of factors—an inevitably more subjective standard.

Motion to Dismiss prior to the issuance of Calhoun v. Mann, Civ. A. No. 08-458, 2008 WL 5273613 (E.D. Pa. Dec. 18, 2008), they would have likely filed a motion to amend their Motion to Dismiss either as a matter of course or by a supplemental pleading.  See Fed. R. Civ. P. 15(a)(1)(A) or (d).  Either way, Federal Defendants would have been able to assert a claim of res judicata.

Even if the Federal Defendants did not raise a res judicata claim, Mr. Calhoun would still have to address this argument as District Courts may "dismiss, *sua sponte*, claims barred by res judicata."  Lazaridis v. Wehmer, Civ. A. No. 06-793, 2008 WL 4758551, at *5 n.12 (D. Del. Oct. 28, 2008) (citing King v. East Lampeter Twp., 69 Fed. Appx. 94 (3d Cir. July 2, 2003) (affirming district court's *sua sponte* dismissal of complaint on grounds of res judicata).  Res judicata seeks to protect parties from piecemeal litigation, but it also promotes judicial efficiency.  See R/S Fin. Corp. v. Kovalchick, 716 A.2d 1228, 1229 (Pa. 1998) (discussing the purposes behind the doctrine of res judicata.).

It is certain that res judicata would have been raised by either the Federal Defendants or this Court.  Given this, Federal Defendants did not gain any tactical advantage by virtue of their late filing.  Given no evidence of any prejudice to Mr. Calhoun, or any indication of bad faith, this Court finds that Federal Defendants' late filing constitutes excusable neglect.  Accordingly, Federal Defendants' Motion for Leave to File is granted.

    **C.**    **Federal Defendants' Motion to Dismiss**

Federal Defendants' Motion to Dismiss argues the Mr. Calhoun's suit should be dismissed for the following reasons:

      a.      under the doctrine of res judicata;
      b.      under the doctrine of absolute prosecutorial immunity;
      c.      under the doctrine of qualified immunity, because even if plaintiff's allegations are taken as true, he cannot establish that defendants Mann and Goldstein violated any clearly established constitutional or statutory right of which a reasonable person in defendants Mann and Goldstein's positions would have been aware;
      d.      under defendants Mann and Goldstein's absolute immunity from common law tort claims; and
      e.      for lack of subject matter jurisdiction against the United States Marshals Service.

(Fed. Def.'s Mot. Leave, Ex.2; Fed. Def.'s Mot. to Dismiss 2-3.)

### 1. Mr. Calhoun's Claims Against Defendants Mann and Goldstein are Res Judicata

This Court dismissed the claims raised in the Federal Action against Defendants Mann and Goldstein—two of the three "Federal Defendants." Res judicata prohibits parties from asserting claims in a later action that were raised, or could have been raised, in a previous adjudication. R/S Fin. Corp. v. Kovalchick, 552 Pa. 584 (Pa. 1998). This doctrine seeks to prevent re-litigation of matters already addressed in another suit—saving the time and money of the parties and the courts.

Res judicata analysis comprises four prongs: 1) the thing sued on; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or being sued. Duquesne Slag Prod. Co. v. Lench, 415 A.2d 53, 56 (1980). Pennsylvania courts have cautioned against interpreting these four prongs too literally. See e.g., Radakovich v. Radakovich, 846 A.2d 709, 715 (Pa. Super. 2004) ("The purposes behind the doctrine, which bars the re-litigation of issues that either were raised or could have been raised in the prior proceeding, are to conserve limited judicial resources, establish certainty and respect for court

judgments . . . In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction."). .

Isolating the alleged wrongful act is critical to the first requirement—identity of the things sued upon. In this case, a series of events: (1) the transfer of Plaintiff from a Commonwealth prison to the FDC Philadelphia; and (2) his continued detention in the FDC after posting bail and completing his state sentence gave rise to both Plaintiff's Federal and Commonwealth Actions. Because the exact same occurrences underlie both suits, this criteria has been met.

In explaining the identity of the cause of action, the Third Circuit has held that "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982); see also Greenberg v. Potomac Health Sys., 869 F. Supp. 328, 331 (E.D. Pa. 1994) ( "Whether a cause of action is the same depends on the 'essential similarity of the underlying events,' rather than on the specific legal theories invoked.") As discussed in the prior section, the underlying events and legal claims ultimately give rise to both the Federal and Commonwealth Actions. Accordingly, this factor has been met.

Ms. Mann and Mr. Goldstein are listed as Defendants in Plaintiff's Federal and Commonwealth Actions. As such, there is an identify of parties regarding both of these Defendants. The United States Marshals are only listed as a Defendant in the Commonwealth

Action. (See Civ. A. No. 08-458, Doc. No. 10, Am. Compl.) Accordingly, Mr. Calhoun's claim against the U.S. Marshals is not res judicata.[7]

Recently, courts in this circuit have questioned the relevance of this factor as it can lead to a formalism that undermines the purpose of the doctrine—the barring of redundant suits. See Wilkins v. Rokum, Civ. A. No. 06-203, 2008 WL 3833418, at *6; Hochman v. Mortgage Fin. Corp., 137 A. 252, 253 (Pa. 1927) ("The rule [of res judicata] should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties."). It is clear that this factor is met as Mr. Calhoun, in both the Federal and Commonwealth Actions, sued Defendants Mann and Goldstein in their official and individual capacities.

After analyzing the relevant four factors, it is clear that Mr. Calhoun's claims against Defendants Mann and Goldstein, are barred as res judicata. For this reason, Federal Defendants' Motion to Dismiss is granted with regard to Defendants Mann and Goldstein.

### 2. Mr. Calhoun's Claims Against the U.S. Marshals is Dismissed

In his Federal Action, Mr. Calhoun initially listed the U.S. Marshals as a Defendant, but his Amended Complaint did not. Whether that omission was intentional or inadvertent is unclear. But his Commonwealth Action lists the Marshals as a Defendant. Given Mr. Calhoun's claim of negligence and deliberate indifference, this Court assumes that his claim against the Marshals is brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq*.

---

7. In the Federal Action, Plaintiff has been granted time to Respond to the Parole Board Director's Motion to Dismiss. At this time, the Court's res judicata analysis only pertains to the Federal Defendants.

A district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted all administrative remedies.  See 28 U.S.C. § 2675(a);[8] see also McNeil v. U.S., 508 U.S. 106 (1993).

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files a district court action within six months of notice of a final decision of the claim by the agency to which it was presented.  See 28 U.S.C. § 2401(b); Pascale v. U.S., 998 F.2d 186, 190 (3d Cir. 1993) (discussing revisions to 28 U.S.C. § 2401(b), and noting the parameters for filing a claim against the Federal government).  These requirements are jurisdictional prerequisites to a suit in district court.  Deutsch v. U.S., 67 F.3d 1080, 1091 (3d Cir. 1995) (reading plaintiff's *pro se* complaint liberally and finding a claim under the FTCA).  Mr. Calhoun provides no evidence that he has met any of the jurisdictional prerequisites necessary for an FTCA claim.  Accordingly, Mr. Calhoun's claim against the United States Marshals is dismissed for failing to state a claim meriting relief.

As noted previously, Mr. Calhoun's claims against the Federal Defendants are dismissed without being provided an opportunity to respond.  Although such a course of action is

---

8.  28 U.S.C. § 2675(a) provides that:
>[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  28 U.S.C. § 2675(a).

not the standard practice, a response would be futile since Plaintiff's claims are barred by res judicata and a failure to follow the requirements of the FTCA Therefore, this Court grants Federal Defendants' Motion to Dismiss.

  An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| DAVID CALHOUN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYA MANN, JOEL GOLDSTEIN, UNITED STATES MARSHALS, and LAWRENCE MURRAY | : | NO. 08-4707 |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 25th day of March, 2009, upon consideration of Plaintiff's Motion to Reinstate his Dismissed Motions (Doc. No. 19), this Court determines that reinstatement is appropriate. Accordingly, Plaintiff's Motion to Reinstate is **GRANTED**.

Given that Plaintiff's Motion to Reinstate is granted, this Court re-examined the following motions:

> (1) Notice of Default (Doc. No. 10);
> (2) Motion for Certificate of Appealability (Doc. No. 11);
> (3) Motion for Default Pursuant to Fed. R. Civ. P. 55 (Doc. No. 12); and
> (4) Motion to Strike or in the Alternative for Extension of Time (Doc. No. 13).

It is hereby **ORDERED** that each motion (Doc. Nos. 10-13) is **DENIED**.

Upon consideration of Federal Defendants' Motion for Leave to File Motion to Dismiss *Nunc Pro Tunc* (Doc. No. 16), and Mr. Calhoun's Response to Defendants' Motion for Leave to File (Doc. No. 24), it is hereby **ORDERED** that:

(1) Federal Defendants Motion for Leave to File is **GRANTED**, and

(2) Federal Defendants' Motion to Dismiss is **GRANTED**.

Defendants Mann, Goldstein, and the United States Marshals are **DISMISSED** from this suit.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.