IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CALHOUN | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : |
| KENYA MANN, JOEL GOLDSTEIN, UNITED STATES MARSHALS, and LAWRENCE MURRAY | : NO. 08-4707 |
| Defendants. | : |

**MEMORANDUM**

BUCKWALTER, S. J.                                             May 12, 2009

Plaintiff David Calhoun, a *pro se* litigant, seeks reconsideration of this Court's decision denying his Motion for Certificate of Appealability. "Certificate of appealability" has a specific, legal meaning, and rather than obtain such a certificate, Mr. Calhoun appears to have actually sought this Court's reconsideration of its decision permitting removal of his Commonwealth Court suit. After consideration of Mr. Calhoun's Motion for Reconsideration of His Motion for Certificate of Appealability, and the Response of Defendants Kenya Mann, Joel Goldstein, and U.S. Marshals (Federal Defendants), Mr. Calhoun's Motion is denied, for the reasons discussed below.

I.   **PROCEDURAL BACKGROUND**[1]

---

[1] This section is largely a recitation of this Court's Memorandum addressing his Motion to Reinstate. Calhoun v. Mann, Civ. A. No. 08-4707, 2009 WL 813463 (E.D. Pa. Mar. 25, 2009).

Mr. Calhoun's Motion for Reconsideration of His Motion for Certificate of Appealability (Doc. No. 38) arises from on-going litigation regarding his detention in the Federal Detention Center (FDC) Philadelphia. Mr. Calhoun filed virtually identical suits in federal court (Federal Action) and in Commonwealth Court (Commonwealth Action). This Court granted Federal Defendants' motion to remove the Commonwealth Action to federal court. (Doc. No. 1.)

Objecting to the Commonwealth Action's removal, Mr. Calhoun filed a Notice of Appeal to the Third Circuit. (Doc. No. 7.) He then filed four motions with this Court: (1) Motion of Default; (2) Motion for Certificate of Appealablity; (3) Motion for Default under Federal Rule of Civil Procedure 55; and (4) a Motion to Strike or in the Alternative Extend Time to Respond to Federal Defendants' Motion to Dismiss. (Doc. Nos. 10-13.) Given Mr. Calhoun's Notice of Appeal, this Court dismissed these motions without prejudice.

Mr. Calhoun subsequently filed a Motion to Withdraw his Notice of Appeal, and Federal Defendants then filed a Motion for Leave to File their Motion to Dismiss *Nunc Pro Tunc*. (Doc. Nos. 15 & 16.) Mr. Calhoun filed a Motion to Reinstate Motions dismissed due to his Notice of Appeal which this Court granted. (Doc. Nos. 19 & 37.) This Court subsequently examined and dismissed each of the reinstated motions, including his Motion for Certificate of Appealability. (Id.)

## II.   FACTUAL BACKGROUND[2]

Plaintiff was convicted by a jury. U.S. v. Calhoun, 276 Fed. Appx. 114, 115 (3d Cir. 2008). Neither the Federal or Commonwealth Action challenges Mr. Calhoun's conviction;

---

[2] This Court covered the relevant factual background previously. Calhoun v. Mann, Civ. A. No. 08-458, 2008 WL 5273613 (E.D. Pa. Dec. 18, 2008.)

2

rather they seek punitive and compensatory damages in excess of $75,000 due to his allegedly illegal detention.[3] (Doc. No. 2:08-cv-458, Am. Compl. 4, and Praecipe ¶ 8.)

## III. LEGAL STANDARD

Local Rule 7.1(g) permits motions for reconsideration. E.D. PA CIV. P. 7.1(g). Such motions are analogous to those brought under Federal Rule of Civil Procedure 59(e) whose purpose is to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see Kennedy Indus. v. Aparo, Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. Jul. 6, 2006).

Given a court's interest in the finality of its judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005). Reconsideration is not permitted simply to allow a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Litigants who fail in their "first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one . . . . [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Indus., 2006 WL 1892685, at *1 (quotation omitted); see also Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (it is not appropriate to relitigate issues already decided by a court on a motion for reconsideration).

---

[3] The chief differences between the Federal and Commonwealth Actions are that: (1) the Commonwealth Action did not allege conspiracy (Fed. Def.'s Mot. Removal, Ex. A, Praecipe ¶ 5), and (2) the Federal Action detailed the legal basis for its claims wherein the Commonwealth Action does not. (Am. Compl. 4.)

3

The Third Circuit has stated that the party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

IV.   **DISCUSSION**

   A.   **Motion for Reconsideration On Certificate of Appealability**

Mr. Calhoun's Motion for Reconsideration states that this Court mistakenly construed his Motion for Certificate of Appealability as "having something to do with a non-existent habeas corpus." (Pl.'s Mot Recons. 1.) He appears to argue that he did not mean to raise a habeas corpus claim but rather sought to preserve his right to appeal this Court's decision to grant removal of his Commonwealth Action. (Doc. No. 6.) He hastily filed the erroneously titled Motion for Certificate of Appealability because the Court Clerk allegedly never mailed him this Court's Order denying his Objection to Removal as Untimely. (Id. ¶¶ 1-2.) Mr. Calhoun's Motion for Reconsideration was filed under 28 U.S.C. 1292(b) which provides for the grant of interlocutory orders.[4] Mr. Calhoun asserts that he sought an interlocutory order certifying the

---

   [4]   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in

4

following question:

> [w]hen a defendant makes contact with a state Court in an effort to have the case dismissed does such point of contact begin the time frame for removal of the matter for the purposes of calculating whether the third days has expired pursuant to 28 U.S.C. § 1446 (by vitue of waiver of service of process)?

(Pl.'s Mot. Recons. ¶ 6.)

As noted previously, a certificate of appealability has a specific, legal meaning.[5] Mr. Calhoun clearly has not met the criteria warranting issuance of such a certificate. His Motion for Reconsideration acknowledges as much, and it provides no evidence of "manifest errors of law or fact" or newly discovered evidence warranting reconsideration of this Court's denial of his Motion for Certificate of Appealability. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The only error appears to be his incorrect labeling of his Motion as one seeking a "certificate of appealability." This Court appropriately dismissed Mr. Calhoun's Motion for Certificate of Appealability, and his Motion for Reconsideration is denied.

### B.   Motion for Reconsideration of Objection to Removal as Untimely

Nothing is gained by denying Mr. Calhoun's Motion for Reconsideration simply because

---

> the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

[5] Section 102 of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253 (as amended), codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Calhoun v. Mann, 2009 WL 813463, at *2.

5

he used the wrong term, "certificate of appealability." Mere formalism helps no one. As such, this Court—out of an abundance of caution—will also examine his Motion for Reconsideration as seeking reconsideration of this Court's Order denying his Objection to Removal as Untimely.

Mr. Calhoun filed a Praecipe in Commonwealth Court on May 2, 2008. (See Doc. No. 1, Ex. A.) On May 15, 2008, Mr. Calhoun wrote to the Prothonotary of the Commonwealth Court stating that he is "unsure why this matter has been filed in the Commonwealth Court." (Id. at 3.) After learning of Mr. Calhoun's letter to the Prothonotary, Federal Defendants' counsel contacted the Commonwealth Court's Chief Clerk about this suit. (Id.) Federal Defendants filed their Notice of Removal to Federal Court on September 30, 2008. (Id.) Mr. Calhoun asserts that there exist questions about the timeliness of this removal action. Specifically,

> [w]hen a defendant makes contact with a state Court in an effort to have the case dismissed does such point of contact begin the time frame for removal of the matter for the purposes of calculating whether the third days has expired pursuant to 28 U.S.C. § 1446 (by virtue of waiver of service of process)?

(Pl.'s Mot. Recons. ¶ 6.) Mr. Calhoun suggests that this question warrants interlocutory review as it "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. 1292(b).

The law on removal is clear, meaning that nothing would be advanced by issuance of an interlocutory order. The statute governing removal provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" 28 U.S.C. § 1446(b). The Supreme Court's jurisprudence, requires formal service before the removal clock begins. See Murphy Bros. v.

Michetti Pipe Stringing Inc., 526 U.S. 344, 350 (1999). In fact, "[a] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. The statute's intent is to ensure that defendants understand that they are the subject of a suit before the removal period begins. See Murphy Bros., 526 U.S. at 351-5.

Federal Rule of Civil Procedure Rule 4 clearly describes the process for effectuating service. See FED. R. CIV. P. 4(i)(1) ("service of process shall be effected by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought . . . and by also sending a copy of the summons and of the complaint by registered or certified mail the Attorney General of the United States.") Plaintiff's Praecipe indicates that he served Federal Defendants and Defendant Murray by first class mail, which does not constitute proper service under either the Federal or Pennsylvania Rules of Civil Procedure.[6] (Doc. No. 1, Ex. A, 4.) Mr. Calhoun has not properly served Federal Defendants, and the thirty day removal clock has not begun to run. As a result, their Motion for Removal could not have

---

[6] See FED. R. CIV. P. 4(e) (stating "Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."); see also PA. R. CIV. P. 403 (noting that mail service is only permitted if "a rule of civil procedure authorizes original process to be served by mail," and if "a copy of the process shall be mailed to the defendant by any form or mail requiring a receipt signed by the defendant or his authorized agent.")

7

been untimely.

The question which Mr. Calhoun poses—whether the removal clock should have started once Federal Defendant's counsel contacted the Commonwealth Court—does not involve a controlling question of law about which there exists a substantial difference of opinion. Mr. Calhoun's question subverts the federal rules, and would have perverse effects—encouraging the wasting of both time and judicial resources. The practical result would be to discourage defendants from taking any action, letting suits languish until proper service is made. See 4A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure § 1089 (3d ed. 2009) (noting that both the 1983 and 1993 amendments to the Federal Rules of Civil Procedure have shifted the burden of issuing and delivering the summons to the plaintiff).

It makes no sense to penalize Federal Defendants due to their counsel's diligent efforts to understand and resolve this confusing situation. Mr. Calhoun has provided no new evidence, intervening changes in the controlling law, or errors of fact or law that, if uncorrected, would result in manifest injustice.

Accordingly, Mr. Calhoun's Motion for Reconsideration is denied. An order follows.